IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:13CV101-RLV
(5:06-cr-63-RLV-DCK-1)

| | |
|---|---|
| SOUVIRA SIMALAYVONG, | ) |
| Petitioner, | ) |
| vs. | ) **O R D E R** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

### I. BACKGROUND

Petitioner Souvira Simalayvong was indicted by the Grand Jury for the Western District of North Carolina on December 20, 2006, and charged with conspiracy to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; two counts of possession with intent to distribute at least 50 grams of methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and using and carrying a firearm during and in relation to a drug trafficking offense or possessing a firearm in furtherance of such an offense, in violation of 18 U.S.C. § 924(c)(1). (Case No. 5:06-cr-63: Doc. No. 1: Indictment). On November 5, 2007, Petitioner entered a straight-up plea of guilty to the drug trafficking offenses. The remaining offense charged in the indictment, the §

1

924(c) firearm offense, was tried before a jury. At the conclusion of the trial, the jury acquitted Petitioner of the firearm charge. (Id., Doc. No. 40: Jury Verdict). Notwithstanding the jury's verdict, at sentencing the Court enhanced Petitioner's offense level based on a finding by a preponderance of the evidence that Petitioner possessed a firearm during the drug-trafficking offense. The Court sentenced Petitioner to 108 months' imprisonment. (Id., Doc. No. 58: Judgment). Petitioner appealed his sentence, arguing that this Court erred in enhancing his offense level based on his having possessed a firearm during the drug-trafficking offense. The Fourth Circuit Court of Appeals affirmed this Court's judgment on January 12, 2010, holding that this Court did not clearly err in finding that Petitioner possessed the firearm at issue in connection with his drug dealing. United States v. Simalayvong, 360 F. App'x 498 (4th Cir. 2010).

## II. DISCUSSION

On December 27, 2010, Petitioner filed a § 2255 motion to vacate his conviction and sentence, and the Government's motion to dismiss in that action is pending. (Case No. 5:10cv203, Doc. No. 1). On July 15, 2013, Petitioner filed the pending Section 2255 motion to vacate, challenging the same conviction and sentence as in his first § 2255 motion. Thus, this is the second § 2255 petition filed by Petitioner challenging the same conviction and sentence.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. §

2

2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this unauthorized, successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**III.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition. The Court notes that an Order on the Government's Motion to Dismiss in Petitioner's first § 2255 motion to vacate is forthcoming.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 18, 2013